UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM MASON, SR.; BRIAN DIAS, <br><br>  Plaintiffs, <br><br> v. <br><br> UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF NEVADA, a Nevada public entity; UNIVERSITY OF NEVADA, LAS VEGAS, a public entity/institution; JOSE ELIQUE, in his individual and official capacity; MICHAEL MURRAY, in his individual and official capacity; <br><br>  Defendants. | 2:02-CV-0801-PMP (PAL) <br><br> O R D E R |

Presently before the Court is Defendant University and Community College System of Nevada's ("UCCSN") Motion to Dismiss (Doc. #63), filed on August 23, 2006. Plaintiffs William S. Mason, Sr. ("Mason") and Brian Dias ("Dias") filed Plaintiffs' Opposition to Motion to Dismiss (Doc. #67) on September 4, 2006. Defendant filed a Reply (Doc. #68) on September 6, 2006.

Also before the Court is Defendant UCCSN's Motion for Leave to File Motion for Summary Judgment on Remand (Doc. #66), filed on August 30, 2006. Plaintiffs filed an Opposition to Motion for Leave to File Motion for Summary Judgment on Remand (Doc. #71) on September 11, 2006. Defendant filed a Reply (Doc. #73) on September 12, 2006.

## I. BACKGROUND

This case arises out of the termination of Plaintiffs' employment with the University of Nevada, Las Vegas Public Safety Department.  Plaintiffs assert five counts against Defendants: (1) violations of 42 U.S.C. § 1983; (2) intentional or negligent infliction of emotional distress; (3) negligence; (4) negligent supervision; and (5) retaliation.  (Compl. ¶¶ 14-37.)  On January 13, 2004, this Court entered an Order granting Defendant summary judgment because UCCSN is not a "person" for purposes of 42 U.S.C. § 1983, issue preclusion barred Plaintiffs' state law claims due to an adverse finding against Plaintiffs in a state administrative hearing, and the individual Defendants were entitled to qualified immunity.  (Order & J. [Doc. #39].)  Plaintiffs appealed and the United States Court of Appeals for the Ninth Circuit affirmed in part and reversed and remanded in part. (J. [Doc. #47].)

Specifically, the Ninth Circuit held that because the state administrative hearing proceeded under a different burden of proof than the burden of proof Plaintiff bore in this case, issue preclusion under Nevada state law did not apply.  Dias v. Elique, 436 F.3d 1125, 1128-31 (9th Cir. 2006).  The Ninth Circuit affirmed this Court's grant of qualified immunity to individual Defendants Michael Murray and Jose Elique.  Id. at 1131-32.  The Ninth Circuit did not address this Court's ruling that Defendant UCCSN is not a person for § 1983 purposes.  Upon remand, Defendant has filed several motions seeking summary disposition of this case.

## II. MOTION TO DISMISS

Defendant UCCSN moves to dismiss count one, arguing it is not a person under § 1983.  Defendant further argues that upon dismissing the federal claim, this Court should exercise its discretion and dismiss the supplemental state law claims.  Plaintiffs respond that Defendant waived its Eleventh Amendment immunity by removing this action to federal court, and the Court therefore should not dismiss count one.  Further, Plaintiff argues the

Court should retain jurisdiction over the state law claims.

A State and its officials acting in their official capacities are not "persons" within the meaning of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 68-71 (1989); DeNieva v. Reyes, 966 F.2d 480, 483 (9th Cir. 1992) (holding Commonwealth of the Northern Mariana Islands is not a "person" under § 1983). As a result, a plaintiff cannot sue the State, its agencies, and its officers acting in their official capacities for damages under § 1983. Will, 491 U.S. at 68-71; DeNieva, 966 F.2d at 483.

As this Court held in its prior Order, Defendant UCCSN is not a "person" under § 1983 because it is an arm of the State of Nevada, and thus Plaintiffs cannot sue it for damages under § 1983. See Meza v. Lee, 669 F. Supp. 325, 327-28 (D. Nev. 1987) (University of Nevada System and University of Nevada Reno police department are arms of the state entitled to Eleventh Amendment immunity); see also Nev. Const. art. 11, § 4. Although a state may waive its Eleventh Amendment immunity by removing state law claims to federal court, a state is not a person for § 1983 purposes regardless of whether it removes such claims to federal court. Bank of Lake Tahoe v. Bank of Am., 318 F.3d 914, 917-18 (9th Cir. 2003) (citing Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 617 (2002)). The Court therefore will dismiss count one.

The Court, in its discretion, will retain jurisdiction over the supplemental state law claims. See 28 U.S.C. § 1367(c). The remaining state law claims do not raise novel or complex issues of state law, the Court has presided over this case for over four years, and the statutes of limitations have run. Accordingly, the Court will deny Defendant's motion to dismiss counts two through five.

**III.  MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**

Defendant moves for leave to file a motion for summary judgment. Defendant seeks to revive several grounds for summary judgment which Defendant argued in its first motion for summary judgment but which this Court did not address because the Court

3

granted summary judgment on the basis of issue preclusion. Plaintiffs oppose the motion, arguing there is no basis for a renewed motion and the case should proceed to trial.

The Court concludes permitting Defendant to file the motion best serves the interests of justice and the efficient use of judicial resources. Defendant raised these arguments in its initial motion for summary judgment but the Court did not address them because the Court found the issue preclusion argument persuasive. The Ninth Circuit reversed that decision, leaving Defendant without a judicial resolution of its other arguments. The Court therefore will grant Defendant leave to file the motion for summary judgment. Defendant shall re-file separately the Motion for Summary Judgment on Remand. Plaintiffs shall have seven (7) days from the date of this Order as requested in which to respond. Defendant shall have five (5) days from service of Plaintiffs' opposition to file a reply. The Court will hold a hearing on this motion on Wednesday, October 4, 2006 at 10:30 a.m. in Courtroom 7C.

Because of this briefing schedule, the Court will continue the trial currently set for September 25, 2006 to the stacked calendar on Monday, October 30, 2006 at 8:30 a.m. with calendar call on Wednesday, October 25, 2006 at 8:15 a.m. in Courtroom 7C. The Court will address Defendant's Motion in Limine (Doc. #65) at calendar call.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (#63) is hereby GRANTED in part and DENIED in part. The motion is granted as to count one of Plaintiffs' Complaint. The motion is denied as to counts two through five.

IT IS FURTHER ORDERED that Defendant UCCSN's Motion for Leave to File Motion for Summary Judgment on Remand (Doc. #66) is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant shall re-file the Motion for Summary Judgment on Remand as a separate document.

///

1    IT IS FURTHER ORDERED that Plaintiffs shall file a brief in opposition to
2  Defendant's Motion for Summary Judgment on Remand within seven (7) days of the date of
3  this Order.
4    IT IS FURTHER ORDERED that Defendant shall file a reply brief within five
5  (5) days of service of Plaintiffs' opposition to the Motion for Summary Judgment on
6  Remand.
7    IT IS FURTHER ORDERED a hearing on Defendant University and Community
8  College System of Nevada's Motion for Summary Judgment on Remand is set for
9  Wednesday, October 4, 2006 at 11:00 a.m. in Courtroom 7C.
10   IT IS FURTHER ORDERED that calendar call currently set for September 22,
11 2006 is continued to Wednesday, October 25, 2006 at 8:15 a.m. in Courtroom 7C.
12   IT IS FURTHER ORDERED that trial currently set for September 25, 2006 is
13 continued to the stacked calendar on Monday, October 30, 2006 at 8:30 a.m. in Courtroom
14 7C.

DATED: September 18, 2006

_____
PHILIP M. PRO
Chief United States District Judge